MILTON W. HOROWITZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Horowitz v. Commissioner
Docket No. 18332-93
United States Tax Court
T.C. Memo 1995-201; 1995 Tax Ct. Memo LEXIS 202; 69 T.C.M. (CCH) 2558; May 8, 1995, Filed *202 Decision will be entered under Rule 155. Milton W. Horowitz, pro se. For respondent: Miriam A. Howe. CHIECHI
CHIECHI
MEMORANDUM FINDINGS OF FACT AND OPINION CHIECHI, Judqe: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Section 6651(a)(1) [1]
Section 6654(a)
1988
$ 5,465
$ 1,366
$ 349
1989
17,616
4,404
1,190
1990
66,958
16,740
4,411
1991
38,011
9,104
2,083
The issues remaining for decision are: (1) Did petitioner have unreported pension, dividend, and interest income for each of the years 1988, 1989, 1990, and 1991 in the amounts determined by respondent? We hold that he did. (2) Did petitioner have unreported capital gains and losses for each of the years 1989, 1990, and 1991? We hold that he did. (3) Is petitioner *203 entitled to itemized deductions for any of the years at issue in amounts greater than those stipulated by the parties? We hold that he is not. (4) Is petitioner liable for each of the years at issue for the addition to tax for failure to file a return under section 6651(a)(1)? We hold that he is. (5) Is petitioner liable for each of the years at issue for the addition to tax for failure to pay estimated tax under section 6654(a)? We hold that he is. FINDINGS OF FACT Some of the facts have been stipulated and are so found. [2]
*204 Petitioner resided in Reston, Virginia, at the time the petition was filed. Petitioner, who had been an electronics engineer, did not file a Federal income tax return for any of the years 1988, 1989, 1990, or 1991. Petitioner made no estimated tax payments and had no withholding for 1988, 1989, and 1990. Petitioner made no estimated tax payments for 1991, but he had a prepayment credit of $ 1,595 for that year. Petitioner received the following amounts of pension, dividend, and interest payments during each of the years at issue: Year
Pension
Dividend
Interest
1988
$ 27,830
$ 1,237
$ 1,799
1989
28,898
10,782
3,093
1990
30,160
22,955
4,195
1991
31,732
9,654
7,893
During 1989, petitioner received total payments of $ 27,575 from the sale of various securities and mutual funds that resulted in a total capital gain of $ 1,773 for that year. During 1990, petitioner received total payments of $ 169,666 from the sale of various securities and mutual funds. Of those total payments, petitioner received (1) $ 12,275 from the sale of shares of ASA in which he had a basis of $ 10,824 and (2) $ 144,334 from the sale of shares of Fidelity High Income Fund in *205 which he had a basis of $ 161,989. [3]
During 1991, petitioner received total payments of $ 87,941 from the sale of various securities and mutual funds. Of those total payments, petitioner received (1) $ 59,042 from the sale of shares of Financial Bond Shares -- High Yield Bond Portfolio in which he had a basis of $ 59,832 and (2) $ 7,102 from the sale of shares of Select American Gold Fund in which he had a basis of $ 6,867. [4]
During 1990 and 1991, petitioner *206 paid the following amounts of mortgage interest and real property tax relating to his personal residence: Year
Mortgage Interest
Real Property Tax
1990
$ 9,082.10
$ 2,023.46
1991
$ 14,166.96
$ 2,076.28
OPINION Petitioner bears the burden of proving that respondent's determinations in the notice of deficiency (notice) are erroneous. Rule 142(a); . Petitioner was the only witness at trial. His testimony was self-serving, general, vague, and, in virtually every instance, uncorroborated by documentary evidence. We find much of his testimony to be unhelpful and/or questionable. Under the circumstances, we are not required to, and we generally do not, rely on petitioner's testimony to support his positions in this case. See , affg. per curiam ; , affg. ; . *207 Unreported Pension, Dividend, and Interest Income
Respondent determined that petitioner received the following amounts of pension, dividend, and interest income for each of the years at issue: Year
Pension Income
Dividend Income
Interest Income
1988
$ 27,830
$ 1,237
$ 1,799
1989
28,898
10,782
3,093
1990
30,160
22,955
4,195
1991
31,732
9,654
7,893
Petitioner testified that he received pension, dividend, and interest payments during each year at issue, but he could not remember the amounts of those payments. On the instant record, we find that petitioner failed to prove that respondent's determinations in the notice relating to his pension, dividend, and interest income for each year at issue are erroneous. We therefore sustain those determinations. Capital Gains and Losses
Respondent determined that petitioner received payments of $ 27,575 from the sale of various securities and mutual funds during 1989. Respondent further determined that since petitioner failed to establish a basis or holding period in the various securities and mutual funds he sold, the total amount of such payments is includible in petitioner's gross income for 1989 *208 as ordinary income. Through concessions and stipulations, the parties agree that the payments petitioner received during 1989 from the sale of various securities and mutual funds resulted in a total capital gain of $ 1,773 for that year.
Respondent determined that petitioner received payments of $ 175,616 from the sale of various securities and mutual funds during 1990. Respondent further determined that since petitioner failed to establish a basis or holding period in the various securities and mutual funds he sold, the total amount of such payments is includible in petitioner's gross income for 1990 as ordinary income. [5] The parties stipulated that $ 5,950 of the total payments of $ 175,616 that respondent determined petitioner received from the sale of securities and mutual funds during 1990 was from the sale of Select Money Market Portfolio that should not have been included as a securities transaction for that year. Of the remaining $ 169,666 in sales proceeds, the record establishes petitioner's bases and the proceeds he received for only two sales and does not show the bases or proceeds he received for the remaining sales. On the instant record, we find that for 1990 petitioner *209 had a total capital gain of $ 14,508 and a total capital loss of $ 17,655. Respondent determined that petitioner received payments of $ 87,941 from the sale of various securities and mutual funds during 1991. Respondent further determined that since petitioner failed to establish a basis or holding period in the various securities and mutual funds he sold, the total amount of such payments is includible in petitioner's gross income for 1991 as ordinary income. [6] Of the $ 87,941 in sales proceeds that respondent determined petitioner received during 1991, the record establishes petitioner's bases and the proceeds he received for only two sales and does not show the bases or proceeds he received for the remaining sales. On the instant record, we find that for 1991 petitioner had a total capital gain of $ 22,032 and a total capital loss *210 of $ 790. Deductions
During 1990 and 1991, petitioner paid the following amounts of mortgage interest and real property tax relating to his personal residence: Year
Mortgage Interest
Real Property Tax
1990
$ 9,082.10
$ 2,023.46
1991
$ 14,166.96
$ 2,076.28
Petitioner claims that he paid additional amounts of (1) mortgage interest for 1988, 1989, and part of 1990 and (2) real property tax for 1988 and 1989. Petitioner's testimony was vague and inconclusive as to the additional amounts of mortgage interest and real property tax he claims to have paid during those years. He failed to present any other evidence to support his claim. On the instant record, we find that petitioner failed to prove that during the years at issue he paid mortgage interest or real property tax in amounts greater than those stipulated by the parties. Petitioner also contends that he is entitled to deductions for expenses he paid during the years at issue relating to certain rental real estate *211 he claims he owned, including expenses for traveling to meetings with realtors and tenants, for maintenance and repair of the rental properties, and for advertising those properties for rent. Petitioner did not testify as to the amount of those expenses. Nor did he offer any other evidence to support his claim. We also note that petitioner did not report any income from rental real estate for any of the years at issue and that respondent did not include any amount attributable to rental real estate in petitioner's income for any of those years. On the instant record, we find that petitioner failed to prove that he paid expenses attributable to rental real estate for which he is entitled to a deduction for any of the years at issue. Petitioner further claims that he paid medical expenses during the years at issue for which he is entitled to deductions. Section 213(a) allows a deduction for medical expenses paid during the year, and not reimbursed by insurance, to the extent such expenses exceed 7.5 percent of adjusted gross income. Apparently, petitioner suffers from diabetes and underwent several operations during the years at issue on his eyes and spent time in the hospital *212 because of a problem with his legs related to his diabetic condition. Petitioner did not testify as to the amounts of medical expenses he claims to have paid during the years at issue. Nor did he present any other evidence to support his claim. We also note that petitioner admitted that he was covered by medical insurance during the years at issue that reimbursed him for a "very large part" of his medical expenses. On the instant record, we find that petitioner failed to prove that he paid medical expenses for which he is entitled to a deduction for any of the years at issue. Based on our review of the entire record in this case, we find that petitioner is not entitled to any itemized deductions for any of the years at issue in excess of the amounts of mortgage interest and real property tax for 1990 and 1991 to which the parties stipulated. Addition to Tax -- Failure to File
Respondent determined that petitioner is liable for each year at issue for an addition to tax under section 6651(a)(1) in the amount of 25 percent of the amount required to be shown in the return. The parties stipulated that petitioner did not file an income tax return for any of the years at issue. *213 In the case of failure to file an income tax return on the date prescribed for filing, section 6651(a)(1) provides for an addition to tax equal to five percent of the amount required to be shown in the return, with an additional five percent to be added for each month or partial month thereof during which such failure continues, not to exceed 25 percent in the aggregate. The addition to tax under section 6651(a)(1) does not apply if it is shown that the failure to file was due to reasonable cause, and not due to willful neglect. Although it is not altogether clear, petitioner appears to argue that his failure to file returns for any of the years at issue was due to reasonable cause, and not willful neglect, because he was suffering from diabetes and related side effects that prevented him from completing his income tax returns for those years. It appears that petitioner has difficulty reading and completing forms due to bad eyesight caused by diabetes and suffers great discomfort if he sits at a table or desk for extended periods due to diabetes-related problems in his legs and feet.
On the present record, we find that petitioner failed to prove that during the years at issue *214 his physical impairment incapacitated him in a manner that prevented him from filing his returns for those years. See . Although petitioner testified generally about his diabetes-related problems, he failed to testify specifically as to the periods during which he was suffering from such problems. It is also significant that during the years at issue petitioner was able to manage a significant portfolio of investments despite his apparent medical condition and seems to have managed several rental properties. [7] Although both of those tasks were evidently accomplished with some professional assistance, petitioner offered no explanation as to why he did not seek the assistance of a professional to prepare and file, as required by law, his returns for the years at issue. *215 Based on our review of the entire record in this case, we find that petitioner failed to prove that he had reasonable cause for his failure to file income tax returns for the years at issue. [8] We therefore sustain respondent's determination that petitioner is liable for each of those years for the addition to tax under section 6651(a)(1) in the amount of 25 percent of the tax required to be shown in the return. Addition to Tax -- Failure to Pay Estimated Tax
Respondent determined that petitioner is liable for each year at issue for the addition to tax under section 6654(a) for failure to pay estimated tax. *216 Respondent further determined, and the parties stipulated, that although petitioner did not pay estimated income tax for any year at issue and had no withholding for 1988, 1989, and 1990, he did have a prepayment credit of $ 1,595 for 1991. [9]
The addition to tax under section 6654(a) is mandatory unless petitioner qualifies under one of the exceptions in section 6654(e). . Petitioner does not argue, and did not prove, that he qualifies under any of the exceptions listed in that section. On the instant record, we find that petitioner failed to prove that respondent's determination that petitioner is liable for each year at issue for the addition to tax under section 6654(a) is erroneous. We *217 therefore sustain that determination. To reflect the foregoing and the concessions of the parties, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On Apr. 7, 1994, respondent filed a request for admissions with the Court. On Apr. 4, 1994, respondent served petitioner by mail with a copy of that request. Petitioner did not file any response to respondent's request for admissions. During the course of the trial herein, the parties entered into stipulations, inter alia, with respect to two matters that were raised in that request. Specifically, the parties stipulated (1) that $ 5,950 of the $ 175,616 included in respondent's request for admissions as payments petitioner received during 1990 from the sale of securities was a payment from the sale of Select Money Market Portfolio that should not have been included as a securities transaction for that year and (2) that petitioner had a prepayment credit of $ 1,595 for 1991. We shall follow the parties' stipulations as to those two matters. Except for those two matters, each matter set forth in respondent's request for admissions is deemed admitted pursuant to Rule 90(c). ↩
3. The record does not disclose petitioner's bases in the other securities he sold during 1990 (i.e., Select Precious Metal, Stotler & Co., and Vision Ltd. Partnership).↩
4. The record does not disclose petitioner's bases in the other securities he sold during 1991 (i.e., Fidelity Select Technology Portfolio, Fidelity Select Air Transportation, Fidelity Short-Term Bank, and Fidelity Select Auto).↩
5. On brief, respondent acknowledges that the payments petitioner received during the years at issue from the sale of securities and mutual funds resulted in capital gains or losses.↩
6. See supra↩ note 5.
7. We also note that petitioner was able to sit through the course of the trial herein, which involved two separate hour-long sessions, without expressing any discomfort or need to request a recess for medical reasons.↩
8. Petitioner argues that respondent's counsel testified during the course of the trial about the extent of petitioner's ability to perform certain tasks, including filing a tax return. Respondent's counsel did not testify during the trial, and, even if she had attempted to do so, the Court would have ignored any such statements of respondent's counsel as not constituting part of the record in this case.↩
9. In her explanation of the addition to tax under sec. 6654(a) in the notice, respondent reduced the amount of the underpayment of estimated tax for 1991 by the amount of the prepayment credit for that year in accordance with sec. 6654(g).↩